# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2024-04**

————————————

**UNITED STATES**
*Appellant*

**v.**

**Shawn M. MURRAY**
Senior Airman (E-4), U.S. Air Force, *Appellee*

————————————

Appeal by the United States Pursuant to Article 62, UCMJ

Decided 12 July 2024

————————————

*Military Judge*: Vicki L. Marcus.

*GCM convened at*: Joint Base Elmendorf-Richardson, Alaska.

*For Appellant*: Colonel Matthew D. Talcott, USAF; Captain Tyler Washburn, USAF; Mary Ellen Payne, Esquire.

*For Appellee*: Captain Trevor N. Ward, USAF.

*Amicus Curiae in Support of Victim*: Captain Kellie L. Jenkins, USAF; Devon A.R. Wells, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

Judge KEARLEY delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge MASON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KEARLEY, Judge:

This case arises out of an interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862,[1] in a pending court-martial.

## I. BACKGROUND

### A. Procedural History

Appellee is charged with seven specifications of sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920, and one specification of wrongful use of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The sexual assault specifications involve the same named victim, EM.[2]

On 18 March 2024, at the conclusion of EM's direct testimony as part of the Government's case in chief, Appellee moved the court to strike the entire testimony of EM under Rule for Courts-Martial (R.C.M.) 914 because the Government did not provide a recording of EM's interview with the Air Force Office of Special Investigations (OSI) that contained audio. The military judge granted this motion and excluded EM's testimony pursuant to R.C.M. 914.

A few hours after this ruling, the Government informed the military judge on the record that they intended to seek reconsideration of her ruling, to include presenting evidence and arguing law that would address her rationale in granting the defense motion. Ultimately, the military judge denied the Government's request to reopen the hearing for reconsideration of her ruling. The Government filed a written motion for reconsideration and the military judge provided a written ruling denying that motion. The Government filed a notice of appeal on 21 March 2024. On 8 April 2024, the Government requested the military judge mark the Government's motion for reconsideration and her ruling as appellate exhibits. The military judge declined, citing R.C.M. 908(b)(4) as not allowing her to take any action during the stay of proceedings resulting from the Government's interlocutory appeal.[3]

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.); all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2024 ed.).

[2] The named victim's initials contained in the sexual assault specifications are EM. By the time of trial, her initials became EP. For purposes of uniformity and clarity, and as the military judge also did, this opinion will use the initials EM as contained on the charge sheet.

[3] Under R.C.M. 908(b)(4), upon written notice to the military judge of intent to appeal, the ruling that is the subject of the appeal "is automatically stayed and no session of the court-martial may proceed pending disposition by the Court of Criminal Appeals of the appeal . . . ."

The Government filed two motions to attach documents with this court, stating we can consider the attachments under *United States v. Jessie*, 79 M.J. 437, 442 (C.A.A.F. 2020), which held Courts of Criminal Appeals may consider affidavits when doing so is necessary for resolving issues raised by materials in the record. The documents included a declaration from a trial counsel from Appellee's court-martial accompanied by Appellant's motion for reconsideration and the military judge's ruling on that motion. This court granted the motions, over opposition by Appellee, but specifically deferred considering the substance of the attachments pending further review of this appeal. For this opinion, we need not decide whether the Government is correct that *Jessie* applies to this government appeal. We considered the attached documents to understand the procedural history after the military judge's ruling, but did not rely on them in deciding the issues presented.

## B. Background[4]

On 5 December 2022, EM was interviewed by Special Agents (SA) EP and AP assigned to OSI Detachment 631. The interview was video-recorded and copied onto a disc contained in Appellate Exhibit XXIII. After EM's interview, the agents used their notes to draft a two-page summary of EM's interview. That summary was included in the final OSI Report of Investigation.

Nearly one month after EM's interview, another OSI agent "reviewed the 'interview recording and noticed there was no sound.'" In response to a discovery request by trial defense counsel, the base legal office submitted the OSI interview recordings to trial defense counsel and notified the Defense that "when OSI recorded the victim's interview, they were not able to record the audio due to a later discovered technical issue . . . ." The week before Appellee's trial commenced, EM was interviewed by Appellee's trial defense counsel for "approximately two hours and 15 minutes."

On 18 March 2024, after EM testified in the Government's case in chief, the Defense moved to strike her testimony under R.C.M. 914. The military judge held an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session to address Appellee's motion. The military judge considered arguments from both parties, the evidence offered, and relevant case law. She provided an oral ruling, then on 19 March 2024, a written ruling. The military judge found the audio of the interview was not captured, then focused on what she considered to be "negligent acts" and "failures to act" by investigators accompanied by "reckless disregard for the foreseeable consequences to others of the acts and omissions" in failing to capture the audio.

---

[4] The facts regarding the interview and its recording are from the military judge's written ruling and are supported by the record unless otherwise noted.

In her 19 March 2024 ruling, the military judge provided the following findings of fact specific to EM's interview recording:

> The recording consists of four separate video clips, and *none of them have audio*; only the video was captured by the recording equipment.[5]
>
> . . . .
>
> After OSI learned there was *no audio contained* in [EM's] interview, they did not seek any remedial measures to correct the issue.
>
> . . . .
>
> . . . [W]hen OSI recorded the victim's interview, they were *not able to record the audio* due to a later discovered technical issue. . . .

(Footnotes omitted) (emphasis added) (last omission in original). In her analysis, the military judge said the "audio [of EM's interview] was not captured."

## II. DISCUSSION

### A. Law

This court has jurisdiction to hear this appeal under Article 62(a)(1)(A), UCMJ, 10 U.S.C. § 862(a)(1)(A), which authorizes the Government to appeal "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." Appellee does not contest our jurisdiction in this case.

When the Government appeals a ruling under Article 62, UCMJ, this court reviews the military judge's decision "directly and reviews the evidence in the light most favorable to the party which prevailed at trial." *United States v. Lewis,* 78 M.J. 447, 453 (C.A.A.F. 2019) (quoting *United States v. Pugh*, 77 M.J. 1, 3 (C.A.A.F. 2017)). Because this issue is before us pursuant to a government appeal, we "may act only with respect to matters of law." Article 62(b), UCMJ. We are limited to determining whether the military judge's factual findings

---

[5] The military judge found "[t]he recording consists of four separate video clips, and none of them have audio . . . ." We note that upon our review of Appellate Exhibit XXIII, the fourth video clip has audio. It appears this clip was recorded after the interview ended. At one point in the clip, a person comes into the room and says, "Sound check, testing." About 15 minutes later, we see and hear the participants from the interview come back in the room, retrieve their belongings, and leave the room.

are clearly erroneous or unsupported by the record. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004).

"The Jencks Act, enacted in 1957, requires the military judge, upon motion by the accused, to order the [G]overnment to disclose prior statements of its witnesses *in the possession of the United States* that are related to the subject matter of their testimony after the witness testifies on direct examination." *United States v. Brooks*, 79 M.J. 501, 506 (A. Ct. Crim. App. 2019) (citing 18 U.S.C. § 3500). "In 1984, the President promulgated R.C.M. 914, and this rule 'tracks the language of the Jencks Act, but it also includes disclosure of prior statements by defense witnesses other than the accused.'" *United States v. Muwwakkil*, 74 M.J. 187, 190 (C.A.A.F. 2015)).

R.C.M. 914(a)(1) requires the Government, pursuant to a motion, to produce for the Defense any relevant statement of a prosecution witness that is in the possession of the United States. A statement under R.C.M. 914 is defined to include:

> (1) A written statement made by the witness that is signed or otherwise adopted or approved by the witness; [or]

> (2) A substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and contained in stenographic, mechanical, electrical, or other recording or a transcription thereof.

R.C.M. 914 (f)(1)–(2). A videotaped interview containing audio constitutes a "statement" and falls within the purview of R.C.M. 914 as a "substantially verbatim recital of an oral statement." *United States v. Clark*, 79 M.J. 449, 454 (C.A.A.F. 2020) (quoting R.C.M. 914(f)(2)).

"The purpose of both the Jencks Act and R.C.M. 914 is 'to further the fair and just administration of criminal justice by providing for disclosure of statements for impeaching government witnesses.'" *Brooks*, 79 M.J. at 506 (citing *Muwwakkil*, 74 M.J. at 190, citing *Goldberg v. United States*, 425 U.S. 94, 107 (1976)).

We review a military judge's decision to strike testimony under R.C.M. 914 for abuse of discretion. *Muwwakkil*, 74 M.J. at 191. In *Muwwakkil*, the United States Court of Appeals for the Armed Forces (CAAF) considered the application of R.C.M. 914. In *Muwwakkil*, certain Article 32, UCMJ, 10 U.S.C. § 932, testimony was recorded on two devices, one of which malfunctioned partway through the hearing, causing parts of the hearing not to record, whereas the other device recorded the testimony, but that testimony was deleted. *Muwwakkil*, 74 M.J. at 189. The CAAF focused its analysis on the recording captured, and did not analyze, much less find error, in the portion that was not captured due to the malfunction. *Id*. at 193–94.

"R.C.M. 914 concerns preservation and disclosure of statements in the [G]overnment's possession, not the collection or creation of evidence." *United States v. Thompson*, 81 M.J. 391, 395 (C.A.A.F. 2021) (finding no obligation for investigators to create a R.C.M. 914 statement during its interview with a witness). There is no obligation on the part of the Government to create audio or video recordings. *See United States v. Bernard*, 625 F.2d 854, 859–60 (9th Cir. 1980) (rejecting a claim that the Government is required to create Jencks Act material by recording everything a potential witness says).

## B. Analysis

The Government appeals the military judge's ruling excluding EM's testimony. They argue that the unrecorded audio of a witness interview does not constitute a statement in possession of the Government under R.C.M. 914.[6] Appellee claims the evidence shows that the audio recording once existed and "merely lacked permanence (i.e., was not captured)." We find the military judge abused her discretion in granting Appellee's motion to strike the testimony of EM under R.C.M. 914, and we vacate her ruling.

Appellant argues the question of whether an audio recording of EM's interview existed is the dispositive factor in determining whether an R.C.M. 914 violation occurred. We agree. The military judge found that the audio recording never existed. Appellee argues the military judge found the audio was not recorded in a permanent file, and would have us interpret the military judge's ruling to mean the audio was recorded and subsequently lost or destroyed. However, we do not agree with that interpretation.

The military judge found that "a recording of an alleged victim interview does meet the definition of a statement under R.C.M. 914 (f)(2)" because it "would clearly be a substantially verbatim recital of an oral statement that is being recorded contemporaneously with the making of an oral statement and contained in a recording." The military judge quoted *Clark*, 79 M.J. at 454, noting that "[m]ilitary appellate courts have 'favored an expansive interpretation' of the definition of statement" in R.C.M. 914(f)(2). The military judge then concluded that "the recorded video of [EM]'s interview qualifies under this expansive interpretation even though audio was not captured."

---

[6] Alternatively, the Government argues that the R.C.M. 914(e)(2) exception should apply under the circumstances related to Appellee's case. The R.C.M. 914(e)(2) exception states in the event that the other party cannot comply with this rule because the statement is lost and can prove, by a preponderance of evidence, that the loss of the witness statement was not attributable to bad faith or gross negligence, the military judge may exercise the rule's sanctions only if "(A) the statement is of such central importance to an issue that it is essential to a fair trial, and (B) there is no adequate substitute for the statement." R.C.M. 914(e)(2)(A), (B).

The military judge referenced our superior court's opinion in *Muwwakkil* for holding that R.C.M. 914 has been interpreted to apply to statements that were at one time in the possession of the Government but have since been destroyed. 74 M.J. 187, 192–93 (C.A.A.F. 2015). The military judge relied on this case to support her conclusion that the Government failed to produce EM's statement as required under R.C.M. 914 and therefore excluded EM's testimony.

While the military judge's finding that the audio portion of EM's interview with OSI (clips 1–3) was not recorded is supported by the record, her decision that R.C.M. 914 applies was an erroneous application of the law. R.C.M. 914 would apply to audio that was captured and somehow lost, not to audio that never existed. *See Thompson*, 81 M.J. at 395 ("R.C.M. 914 concerns preservation and disclosure of statements in the [G]overnment's possession, not the collection or creation of evidence."). Indeed, *Muwwakkil* supports a R.C.M. 914 analysis for statements that have been recorded and subsequently lost or damaged; it does not support R.C.M. 914 application to statements that were never recorded in the first place. *Muwwakkil*, 74 M.J. at 191.

The Government was not required to create or re-create an interview recording of EM that contained sound. The Government turned over the entire recording that was made of EM's interview with OSI. Although the recording in clips 1–3 contained video and did not contain audio, the Government complied with its obligations under R.C.M. 914. *Muwwakkil*, 74 M.J. at 191–92.

Accordingly, we find the military judge abused her discretion in her application of R.C.M. 914 as the basis to exclude EM's testimony.

## III. CONCLUSION

The appeal of the United States under Article 62, UCMJ, is **GRANTED**. The military judge's ruling excluding the testimony of EM is **VACATED**.

The record of trial is returned to The Judge Advocate General for remand to the Chief Trial Judge, Air Force Trial Judiciary, for action consistent with this opinion.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court